```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

RUSH MASONRY, INC.                              CIVIL ACTION

VERSUS                                          NO: 13-4444

BENETECH, LLC and WESTERN SURETY                SECTION: R
COMPANY

## ORDER AND REASONS

Defendant Western Surety Company moves the Court to dismiss the claim against it on the ground that it is barred by the Miller Act's Statute of Limitations.[1]  For the following reasons, the Court GRANTS Western Surety's motion.

## I. BACKGROUND

Defendant Benetech, LLC served as the general contractor on a project to repair Pump Station #6 in New Orleans, Louisiana. Western Surety provided Benetech with a bond to ensure payment to all subcontractors who performed work on the project.  Plaintiff Rush Masonry, Inc. entered into a subcontract with Benetech to perform some of the repairs to the pump station.  The subcontract required Benetech to pay Rush for all of the work it performed on the project.

Rush claims that it performed all of its work on the project in a good, timely, and workmanlike manner.  It alleges that Benetech owes Rush $64,459.94 for work performed and that neither

---

[1] R. Doc. 7.

Benetech nor Western has paid this sum.  On August 24, 2011, Rush submitted to Benetech an application for payment that listed the "total completed to date" as $64,459.94.  On February 10, 2012, Rush filed a Statement of Claim in the mortgage records of Jefferson Parish in the amount of $64,459.94.  The claim listed the United States Army Corps of Engineers ("USACE") as the owner of the pump station, and Rush served notice of the claim to the USACE.

Rush filed this suit in Louisiana state court on April 15, 2013.[2]  It attached the application for payment and Statement of Claim as exhibits to the complaint.  Western Surety removed the case to federal court on May 29, 2013 on the grounds that Rush's claims arose under federal law as contemplated by the Miller Act.[3]

Western Surety now moves to dismiss the claim against it.  It argues that the Miller Act bars plaintiff's claim because plaintiff failed to file suit within one year of the day Rush last performed work on the project, as the Act requires.  See 40 U.S.C. § 3133(b)(4).  Rush argues that despite its own assertions in the Statement of Claim, it is "highly likely" that the pump station is actually owned by the Orleans Parish Levee District or a local governing body and merely funded by the USACE.  It

---

[2] R. Doc. 1-2.

[3] R. Doc. 1.

contends that if the pump station is merely funded by the USACE, the project may not qualify as a "public work," meaning that the Miller Act would not apply to the claim.

**II. STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). In addition to the complaint itself, all of the exhibits attached to a complaint are part of the pleadings and may be considered in determining whether a claim exists. Fed. R. Civ. P. 10(c); *Maison Orleans I v. Liberty Mut. Fire Ins. Co.*, CIV.A. 06-2856, 2006 WL 2460755, at *2 (E.D. La. Aug. 22, 2006).

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must

contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

"Although defenses are generally not the proper subject of Rule 12(b)(6) motions, certain affirmative defenses that clearly appear on the face of the plaintiff's complaint-most commonly that the statute of limitations has run-may properly be asserted in a Rule 12(b)(6) motion." *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 776 (5th Cir. 1997). The statute of limitations remains an affirmative defense, however, and the burden of proof is on the party who pleads it. *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 1561 (2012).

### III. DISCUSSION

The Miller Act applies when any contract is awarded for the "construction, alteration, or repair of any public building or public work of the Federal Government." 40 U.S.C. § 3131(b). It requires the contractor to furnish a payment bond "for the protection of all persons supplying labor and material in

4

carrying out the work provided for in the contract for the use of each person." *Id.* The Act further provides that a claim by a subcontractor

> must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action.

*Id.* § 3133(b)(4).

Western Surety argues that because plaintiff alleged in the Statement of Claim that the USACE was the owner of the pump station, the Miller Act applies. It further argues that plaintiff's claim is barred by the Act's statute of limitations, because the application for payment, which is made part of the complaint by operation of Rule 10(c), shows that all of the work for which plaintiff now seeks payment was finished by August 24, 2011, and plaintiff did not file this suit until April 15, 2013. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")

Rush does not dispute that the Miller Act applies to its claim if the USACE is the owner of the pump station. Nor does it dispute that a claim under the Miller Act would be barred by the one-year limitation. Instead, plaintiff contends that it is "highly likely" that its own allegations of USACE ownership are mistaken and that "either the Orleans Parish Levee District or a local governing body" owns the pump station. It argues that if

5

the USACE is not in fact the owner, a question arises as to whether the project was a "public work" within the meaning of the Miller Act. This question would turn almost entirely on whether the USACE or another federal entity was a party to the prime contract, as well as whether the surety bond was executed in the federal government's favor. *See*, *e.g.*, *Scarborough v. Carotex Const., Inc.*, 420 F. App'x 870, 874 (11th Cir. 2011) ("Although there is no clear test for designating a project a 'public work of the United States,' courts often look to the following as indicia: whether the United States is a contracting party, an obligee to the bond, an initiator or ultimate operator of the project; whether the work is done on property belonging to the United States; or whether the bonds are issued under the Miller Act.") (quoting *Operating Eng'rs Health & Welfare Trust Fund v. JWJ Contracting Co.,* 135 F.3d 671, 675 (9th Cir.1998)); *U.S. ex rel. Roc Carter Co., LLC v. Freedom Demolition, Inc.*, CIV.A. 5:09-CV-101 HL, 2009 WL 3418196, at *3 (M.D. Ga. Oct. 14, 2009) ("[T]here are three elements that must be present in order to have a contract for the construction of a "public work or public building": (1) there must be a construction contract; (2) the United States must be a party to the construction contract; and (3) the contract must require that bonds be secured that run in favor of the United States."). There is no evidence in the record that bears on these factors, and the Court thus cannot

6

determine whether the Miller Act would apply even if the USACE does not own the pump station.[4]

Nevertheless, the Statement of Claim reveals that Randy Rush, president of Rush Masonry, alleged under oath that "U.S. Army Corps of Engineers, as owner . . . [is] indebted to Rush in the full and true sum of [$64,459.94]."  In light of the parties' apparent agreement that the Miller Act's statute of limitation bars the claim if the USACE is the owner of the pumping station, the literal wording of the Statement of Claim, which is incorporated into the complaint, compels dismissal.  If Rush amends the complaint to allege different ownership of the project, the burden will be on Western Surety to demonstrate either that the Miller Act still applies and bars the claim or that the complaint fails under whatever alternative theory of recovery Rush believes applies to its claim.

**IV. Conclusion**

For the foregoing reasons, Western Surety's motion to dismiss is GRANTED. Plaintiff's claims against the Western Surety

---

[4] The Court notes, however, that at least two recent cases in this district have applied the Miller Act to claims arising out of contracts between Benetech and the USACE to construct or repair pumping stations.  *United States v. Benetech, LLC*, CIV.A. 12-0393, 2013 WL 3984006 (E.D. La. Aug. 1, 2013); *Fisk Elec. Co. v. Fid. & Deposit Co. of Maryland*, CIV.A. 12-953, 2013 WL 592907 (E.D. La. Feb. 14, 2013).

are DISMISSED without prejudice and with leave to amend by December 4, 2013.  Failure to timely amend the complaint will result in dismissal with prejudice.


    New Orleans, Louisiana, this __20th__ day of November, 2013.

                    _Sarah Vance_
                      SARAH S. VANCE
             UNITED STATES DISTRICT JUDGE